NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4189-15T2

SEAMUS R. HALLORAN,

 Plaintiff-Appellant,

v.

BENJAMIN A. STANZIALE, JR., ESQ.;
STANZIALE & STANZIALE;
MICHAEL DEMARCO; and
DEMARCO & DEMARCO,

 Defendants-Respondents.

______________________________________

 Argued October 17, 2017 – Decided November 14, 2017

 Before Judges Yannotti, Leone and Mawla.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Docket No. L-
 0271-14.

 Angela M. Roper argued the cause for appellant
 (Roper & Thyne, LLC, attorneys; Kenneth S.
 Thyne, on the brief).

 William F. O'Connor, Jr. argued the cause for
 respondents Michael DeMarco and DeMarco &
 DeMarco (McElroy, Deutsch, Mulvaney &
 Carpenter, LLP, attorneys; Mr. O'Connor, of
 counsel and on the brief).
 Michael P. Chipko argued the cause for
 respondents Benjamin A. Stanziale, Jr. and
 Stanziale & Stanziale (Wilson, Elser,
 Moskowitz, Edelman & Dicker, LLP, attorneys;
 Maxwell L. Billek, of counsel; Mr. Chipko, on
 the brief).

PER CURIAM

 Plaintiff Seamus R. Halloran appeals from an order entered

by the Law Division, which granted summary judgment to defendants

and denied his cross-motion for leave to file a late expert report.

We affirm.

 I.

 The following facts are taken from the record. On January

9, 2014, plaintiff filed a legal malpractice action against

Benjamin A. Stanziale, Jr., Esq., Stanziale & Stanziale

(collectively Stanziale), and Michael DeMarco, Esq., and DeMarco

& DeMarco (collectively DeMarco) claiming damages arising from a

Chapter 7 Bankruptcy proceeding involving real estate owned by

plaintiff.

 Anthony Rottino and Paragon Federal Credit Union (Paragon)

had a competing mortgage on plaintiff's home located in Saddle

River (property). Paragon instituted a foreclosure action on the

property, and engaged in litigation over mortgage priority against

Rottino, who was represented by DeMarco. Plaintiff, who initially

was self-represented, asked Rottino if he could recommend an

 2 A-4189-15T2
attorney. Rottino contacted DeMarco, who recommended Stanziale.

Plaintiff alleges DeMarco and Stanziale coerced him to file

bankruptcy in order to benefit the interests of DeMarco's client,

Rottino.

 On June 30, 2015, the trial court issued an order extending

discovery to October 6, 2015, and requiring plaintiff to submit

an expert report by September 21, 2015. On October 9, 2015, the

trial court issued a second order extending discovery to January

31, 2016, and requiring plaintiff to submit an expert report by

December 1, 2015. This order noted "should the plaintiff fail to

comply with this final discovery schedule, the defendants may move

to dismiss the matter in accordance with the Court Rules." On

December 4, 2015, the trial court issued a third order extending

discovery to March 1, 2016, and requiring plaintiff to submit an

expert report by January 20, 2016.

 On February 19, 2016, the trial court issued a final order

extending discovery to March 17, 2016, and requiring plaintiff to

submit an expert report by March 17, 2016. The order, which noted

trial was scheduled for June 6, 2016, stated: "No further fact

witness to be deposed. All parties have had more than sufficient

time to depose whatever fact witnesses they required. Matter has

already had in excess of 749 days of discovery." The order further

noted: "There shall be no further extensions of the discovery end

 3 A-4189-15T2
date except upon a showing of exceptional circumstances."

Plaintiff failed to submit an expert report within the time

required.

 On March 22, 2016, Stanziale filed a motion for summary

judgment due to plaintiff's failure to submit an expert report.

On March 31, 2016, plaintiff submitted a letter to the court

requesting an additional six weeks to file an expert report.

Plaintiff alleged his expert, Bennett Wasserman, Esq. (Wasserman),

discovered a conflict and informed him of it on March 29, 2016,

twelve days after the March 17 due date set forth in the February

19 order. This was the first time plaintiff identified Wasserman

as a potential expert. Plaintiff's letter claimed "counsel for

one of the defendants was a member of a firm with whom [Wasserman]

had a conflict."

 On April 1, 2016, DeMarco filed a motion for summary judgment

for plaintiff's failure to submit an expert report. On April 18,

2016, plaintiff filed an opposition to the motions for summary

judgment and a cross-motion to permit the late submission of an

expert report. Plaintiff requested permission to submit a

substitute expert report by Anthony Ambrosio, Esq. (Ambrosio).

 On April 29, 2016, the trial court issued an order denying

plaintiff's cross-motion for leave to permit the late submission

of an expert report, and granted the Stanziale and DeMarco motions

 4 A-4189-15T2
for summary judgment. Plaintiff's expert report was barred because

it was not submitted in a timely fashion. Because plaintiff could

not sustain his legal malpractice claim against Stanziale and

DeMarco without expert testimony, plaintiff's complaint was

dismissed on summary judgment with prejudice. Plaintiff now

challenges this order.

 II.

 Our review of the order granting summary judgment is de novo.

Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). We

"review the trial court's grant of summary judgment under the same

standard as the trial court." Templo Fuente De Vida Corp. v.

Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016).

The court considers all of the evidence submitted "in the light

most favorable to the non-moving party," and determines if the

moving party is entitled to summary judgment as a matter of law.

Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

The court may not weigh the evidence and determine the truth of

the matter. Ibid. If the evidence presented "show[s] that there

is no real material issue, then summary judgment should be

granted." Walker v. Atl. Chrysler Plymouth, 216 N.J. Super. 255,

258 (App. Div. 1987) (citing Judson v. Peoples Bank and Tr. Co.

of Westfield, 17 N.J. 67, 75 (1954)).

 5 A-4189-15T2
 Plaintiff argues the trial court erred in dismissing his

complaint with prejudice. He asserts the court's desire to

expedite cases and principles of judicial economy should not be

at the expense of dispensing justice to the aggrieved party.

Plaintiff asserts the trial court's dismissal of his complaint was

a substantial sanction and that a lesser sanction was appropriate.

He argues his claims warrant review on the merits, and the trial

court's dismissal does not achieve this result.

 As a preliminary matter, the parties do not dispute

plaintiff's legal malpractice claim could not proceed without an

expert report. Indeed, plaintiff contended he consulted with

DeMarco and Stanziale regarding the foreclosure of his home, and

alleged they "advised [him] to file bankruptcy, and indicated that

[he] would emerge from the bankruptcy and retain his interest in

his home and a sizeable payment for his interest." Moreover,

plaintiff alleged DeMarco "used the bankruptcy petition to prevent

the exposure of Rottino's fraud in the pending Paragon litigation,"

and "[t]he bankruptcy petition was not filed to benefit [him], but

to benefit the interests of DeMarco's client, Rottino." He alleged

DeMarco's and Stanziale's conduct "was a deviation from the

standards of practice." Plaintiff was required to adduce an expert

report to prove these claims.

 6 A-4189-15T2
 "[I]n nearly all malpractice cases, plaintiff need[s] to

produce an expert regarding deviation from the appropriate

standard." Garcia v. Kozlov, 179 N.J. 343, 362 (2004) (citing

Brach, Eichler, P.C. v. Ezekwo, 345 N.J. Super. 1, 12 (App. Div.

2001)); see also N.J.S.A. 2A:53A-27. "As the duties a lawyer owes

to his client are not known by the average juror, expert testimony

must necessarily set forth that duty and explain the breach."

Buchanan v. Leonard, 428 N.J. Super. 277, 288 (App. Div. 2012)

(quoting Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 78

(App. Div. 2007)) (citation omitted).

 Where the standard of care that should guide an attorney in

the situation presented would not be readily apparent to persons

of average intelligence and ordinary experience, the assistance

of an expert opinion is required. See id. at 289. A plaintiff's

failure to produce expert testimony in legal malpractice claims

is often fatal. See Innes v. Marzano-Lesnevich, 435 N.J. Super.

198, 214 (App. Div. 2014).

 Thus, expert testimony on plaintiff's behalf was the only

means to adduce the necessary proofs to sustain plaintiff's

malpractice action against defendants. For the reasons set forth

in the next section, the trial court properly denied plaintiff's

motion to file a late expert report, which was a prerequisite for

offering expert testimony. Therefore, summary judgment was

 7 A-4189-15T2
appropriately granted here because plaintiff lacked any means to

prove his malpractice claim to a trier of fact.

 III.

 Plaintiff argues the late filing of his expert report was not

his fault. Specifically, plaintiff asserts he was unable to

produce an expert report in a timely fashion because Wasserman

alerted plaintiff to an alleged conflict shortly before his report

was due. This required plaintiff to retain Ambrosio, who could

only produce a report after the expiration of the discovery, thus

necessitating an extension of the discovery end date. Plaintiff

argues the trial court's dismissal of his claim with prejudice is

contrary to the law. He argues the discovery deadline would only

be extended by one month, the delay was not caused by plaintiff

or his attorney, and defendants would not be prejudiced by an

extension of the discovery deadline. We disagree.

 "The right of a trial court to manage the orderly progression

of cases before it has been recognized as inherent in its

function." Casino Reinvestment Dev. Auth. v. Lustgarten, 332 N.J.

Super. 472, 488 (App. Div.), certif. denied, 165 N.J. 607 (2000).

"As it relates to extensions of time for discovery, appellate

courts . . . have [] generally applied a deferential standard in

reviewing the decisions of trial courts." Pomerantz Paper Corp.

v. New Cmty. Corp., 207 N.J. 344, 371 (2011) (citing Rivers v. LSC

 8 A-4189-15T2
P'ship, 378 N.J. Super. 68, 82-83 (App. Div.), certif. denied, 185

N.J. 296 (2005)). "[W]e apply the same deferential approach to a

trial court's decision to admit expert testimony, reviewing it

against an abuse of discretion standard." Ibid. This court

"generally defer[s] to a trial court's disposition of discovery

matters unless the court has abused its discretion or its

determination is based on a mistaken understanding of the

applicable law." Rivers, supra, 378 N.J. Super. at 80 (citing

Payton v. N.J. Tpk. Auth., 148 N.J. 524, 559 (1997)). An abuse

of discretion "arises when a decision is 'made without a rational

explanation, inexplicably departed from established policies, or

rested on an impermissible basis.'" Flagg v. Essex Cty.

Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v.

Immigration & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir.

1985)).

 "No extension of the discovery period may be permitted after

an arbitration or trial date is fixed, unless exceptional

circumstances are shown." R. 4:24-1(c). To demonstrate

exceptional circumstances, the moving party must demonstrate

"legitimate problems beyond mere attorney negligence, inadvertence

or the pressure of a busy schedule." Pressler & Verniero, Current

N.J. Court Rules, cmt. 3 to R. 4:24-1 at 1829 (2018). In Rivers,

supra, 378 N.J. Super. at 82-83, we stated that the "'exceptional

 9 A-4189-15T2
circumstances' requirement warranting an extension of discovery

will not excuse the late request to secure expert reports, or

. . . the absence of expert opinion to support plaintiff's

liability claims, which is fatal to [plaintiff's] case, where

[plaintiff's] counsel failed to exercise due diligence during the

discovery period."

 Plaintiff's arguments on appeal are not supported by the

record and lack context. The record does not show Wasserman

alerted plaintiff to the alleged conflict before his report was

due. In any event, plaintiff did not alert the court of the

alleged Wasserman conflict until two weeks after the deadline, and

after Stanziale had moved for summary judgment. Plaintiff did not

file a timely motion or attempt to submit the Ambrosio expert

report until April 18, 2016, more than a month after it was due,

and after the trial court had already extended the discovery

deadline four times. As an explanation for the exceptional

circumstances, plaintiff submitted a certification to the trial

court on March 31, 2016 stating:

 Wasserman became aware that counsel for one
 of the defendants was a member of a firm with
 whom he had a conflict. Mr. Wasserman had not
 previously realized this conflict when he
 indicated that he would render a report in
 this matter. . . . Mr. Wasserman has indicated
 that while he had previously agreed to provide
 a legal malpractice expert report in this

 10 A-4189-15T2
 matter, he now feels uncomfortable doing so
 because of this conflict.

The trial court stated:

 In the instant case, plaintiff asserts that
 on March 29, 2016, his expert, Mr. Wasserman,
 determined that he could not serve as an
 expert because of an alleged conflict.
 Nowhere in the papers submitted in support of
 the cross-motion does plaintiff or Mr.
 Wasserman ever describe the nature of the
 conflict. Furthermore, Mr. Wasserman's
 disclosure regarding the alleged conflict did
 not take place until two weeks after his
 expert report was due (March 17, 2016) in
 accordance with the February 19 order.

 . . . .

 It is simply inconceivable to this court that
 Mr. Wasserman only realized he had a conflict
 in this matter on March 29, 2016 (after his
 expert report was due).

 . . . .

 In this case, Plaintiff attempted to serve its
 expert report from Mr. Ambrosio on April 18,
 2016, well after the time for providing such
 report was required under the February 19
 order and all other prior order[s] entered by
 the court. Plaintiff's counsel provides a
 cursory certification to support the late
 filing which is insufficient. Plaintiff's
 counsel makes no certification and fails to
 set forth any facts demonstrating due
 diligence and proffers no adequate explanation
 for the delay.

 Furthermore, if this court were to permit
 plaintiff to now serve its late expert report,
 defendants would be unduly prejudiced in
 preparing their defense in this matter since
 defendants would then be required within less

 11 A-4189-15T2
 than 30 days to obtain their own expert report
 and to prepare for the June 6 trial.
 Additionally, at this late date, further
 extension to allow for discovery will only
 unduly lengthen the already protracted
 discovery in this matter and perhaps
 necessitate an adjournment of the trial.
 Since more than 800 days of discovery have
 already passed in the matter, there is no
 reasonable justification for further delay at
 this late date.

 For all of these reasons set forth above, the
 court finds no exceptional circumstances which
 would allow plaintiff to provide his late
 expert report from Mr. Ambrosio.

 The trial court's reasoning is sound. Plaintiff's

certification was submitted after the already extended discovery

end date and failed to identify any facts demonstrating due

diligence. Plaintiff offered no explanation for the delay in

securing an expert report during the over 800 days of discovery

and after four discovery extensions by the trial court.

 At oral argument, plaintiff blamed defendants' failure to

schedule deposition dates as a reason for the late submission of

his expert report. This does not constitute exceptional

circumstances as plaintiff could have sought enforcement of the

discovery deadlines before expiration of the discovery end date.

We fail to see how extending discovery for a fifth time with an

impending trial, satisfies the goals of an expeditious resolution

 12 A-4189-15T2
of this dispute for plaintiff, and accords defendants justice and

an opportunity to defend plaintiff's claims.

 Affirmed.

 13 A-4189-15T2